■ JOHN J. DELANEY, III, et al., Appellants, v AMERICAN TELEPHONE AND TELEGRAPH COMPANY et al., Respondents.— Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered February 6, 1990, which granted defendants' motion to dismiss plaintiffs' complaint (CPLR 3211 [a] [7]), unanimously affirmed, with costs.

In this defamation action, plaintiffs assert that defendants sent letters to plaintiffs' clients which inferred that plaintiffs were incompetent and dishonest. Plaintiffs had requested defendants to submit proposals for telecommunications systems to several of plaintiffs' clients. However, defendants determined that since, in the past, plaintiffs had rarely recommended that their clients accept defendants' similar proposals and since the proposals took much time and effort to prepare, it would not be in defendants' best business interest to submit proposals to plaintiffs' clients at this time. Accordingly, defendants sent letters to plaintiffs' clients explaining their decision not to participate in the bidding process by stating that plaintiffs had "in the past several years rarely recommended an AT&T PBX to a client in a major metropolitan area."

We agree with the IAS Court that the challenged statements, read as a whole, in context, are clearly not defamatory. Nothing in the letters, as read by an average person, can be reasonably construed to subject plaintiffs "to contempt, aversion or induce any unsavory opinion" of them. *(Tracy v Newsday, Inc.,* 5 NY2d 134, 137; *see also, Aronson v Wiersma,* 65 NY2d 592, 594.) Indeed, the letters do not imply that plaintiffs were guilty of dishonest business practices in not recommending AT&T products to their clients in the past.

Moreover, since the letters are not libelous *per se* and since

plaintiffs are not seeking special damages, an action for defamation does not lie. *(Tracy v Newsday, Inc., supra.)* Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Smith, JJ.